CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REGINALD BALL, | ) | CASE NO. 7:16CV00526 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Plaintiff Reginald Ball, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. In the complaint, Ball alleges that certain members of the medical staff of the Western Virginia Regional Jail ("WVRJ") failed to provide appropriate treatment for his symptoms related to high blood pressure. Ball has also filed a pleading titled "Preliminary Injunction – REQUEST FOR FURLOUGH" that the court construed and docketed as a motion for interlocutory injunctive relief. The court concludes that this motion must be denied as moot and that the entire action must be summarily dismissed for failure to state a claim.

I.

Ball alleges the following sequence of events related to his claims. Ball is 34 years old and takes prescription medications related to his history of high blood pressure. Around 8:00 p.m. on August 19, 2016, Ball asked officers to notify medical staff "that he was in pain, his blood pressure had increased, and he was suffering from dizziness." (Compl. 3, ECF No. 1.) About 8:30 p.m., a medical technician, Ashley Doe, arrived at Ball's housing unit to distribute inmates' daily medication. Ball told Doe of his symptoms and gave her a medical service request form. Between 9:00 and 9:30 p.m., Ball told the floor officer that he was feeling worse and needed medical attention. About two hours later, the officer reported that when he had

called the medical unit about Ball's complaints, Nurse Ashley Rakes told the officer that "she was aware of [Ball's] high blood pressure problems, but would not treat [him], as she felt that [he] was only 63% compliant in taking his medications." (Id. 3-4.)

The next day, August 20, 2016, at 5:00 p.m., a member of the medical staff checked Ball's vital signs. At that time, his blood pressure measured 150/100. Ball was immediately given Tylenol and Clonidine. On August 25, Megan Barfield, the WVRJ health services administrator admitted to Ball that Rakes should have seen and treated him on August 19, 2016. Barfield asked Ball not to file any complaint about the incident.

In his § 1983 complaint, Ball sues the medical technician, Rakes, and Barfield, as well as the Commonwealth of Virginia, "Correct Car [sic] Solutions," and a WVRJ major, Amanda Trent. He seeks monetary damages.

II.

First, Ball's separate motion for interlocutory injunctive relief must be summarily denied. In this motion, Ball asks to be transferred "from WVRJ to a medical facility not associated with the Bureau of Prisons [to] receive proper and necessary medical care." (Mot. Prelim. Injunc. 1, ECF No. 4.) The record indicates that Ball was no longer incarcerated at CVRJ or otherwise subject to the medical care of the defendant WVRJ officials[1] at the time he filed the instant motion. Therefore, Ball's motion for interlocutory injunctive relief against these defendants is moot and must be denied as such. See, e.g., Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

---

[1] Ball has also named the Commonwealth of Virginia as a defendant. However, the Commonwealth is not a person subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Therefore, all claims against this defendant must be summarily dismissed. See 28 U.S.C. § 1915A(b)(1) (requiring dismissal of prisoner civil action or claim "seek[ing] redress from a governmental entity" upon finding claim to be legally frivolous).

2

III.

Under 28 U.S.C. § 1915A(b)(1), the court is required to review prisoner complaints for compliance with the basic rules of pleading, and during this review, must either identify a claim in the complaint on which relief may be granted or summarily dismiss the complaint. A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarrantano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "Deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Objectively, the inmate's medical condition must be "serious" in the sense that it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. Subjectively, "officials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." Sharpe v. South Carolina Dept. of Corrections, 621 F. App'x 732, 733 (4th Cir. 2015) (citations omitted).

To prove deliberate indifference, Ball must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." Jackson, 775 F.3d at 178 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). This component requires proof of intent beyond mere

3

negligence, errors in judgment, inadvertent oversights, or disagreements about the prisoner's treatment plan. Id. Furthermore, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Sharpe, 621 F. App'x at 734 (4th Cir. 2015) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)).

Ball's allegations simply do not support a finding that any of the defendants violated his constitutional rights. On August 19 and 20, 2016, no one ignored his medical issues. The technician and the officers reported his complaints to the medical unit. Nurse Rakes made a medical judgment that Ball's condition did not present a serious medical need for immediate attention related to his blood pressure, based on her knowledge that he received medication regularly and sometimes did not feel the need to take it. By the next afternoon, however, Ball's condition was assessed and treated. Ball's allegations also fail to demonstrate that the brief delay of treatment for less than one day exacerbated his condition or that his symptoms worsened. Most importantly, Ball does not state facts showing that his condition at any time during that period constituted a serious medical need requiring different treatment on a different time table than he received. As such, his allegations do not state a claim that his course of medical care violated his constitutional rights. Accordingly, the court will dismiss the case without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 23rd day of December, 2016.

/s/ Conrad
Chief United States District Judge